UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WENDY GUZMAN,

      Plaintiff,

 -against-               **COMPLAINT**

A & Z PHARMACEUTICAL INC.,       ***Jury Trial Demanded***

      Defendant.
-------------------------------------------------------------X

  Plaintiff, WENDY GUZMAN ("Plaintiff"), by and through her counsel, the Law Office of Peter A. Romero, PLLC, as and for her Complaint against the Defendant, A & Z PHARMACEUTICAL INC. ("Defendant"), alleges and complains as follows:

## NATURE OF THE ACTION

  1. Plaintiff brings this action against the Defendant to remedy violations of the Pregnancy Discrimination Act ("PDA", Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290, et. seq. (the "Executive Law").

  2. Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

  3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

  4. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims as authorized by 28 U.S.C. § 1367(a).

1

5. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because the unlawful practices complained of herein occurred within the Eastern District of New York and because Defendant resides within the Eastern District of New York.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Charge No. 520-2022-05913.

7. Plaintiff brings this action within ninety days of the issuance of the Notice of Right to Sue issued by the EEOC.

## THE PARTIES

8. Plaintiff is an adult female resident of the State of New York.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Title VII and a "person" within the meaning of N.Y. Exec. Law § 292(1).

10. Upon information and belief, Defendant is a domestic business corporation with a principal place of business located at 350 Wireless Boulevard, Hauppauge, NY 11788.

11. At all times relevant, Defendant employed at least fifty (50) employees.

12. Defendant was and is an "employer" within the meaning of the FMLA, Title VII and the Executive Law.

## FACTUAL ALLEGATIONS

13. Defendant is a pharmaceutical company engaged in the manufacture of dietary supplements.

14. Plaintiff commenced employment with Defendant as a factory line worker manufacturing dietary supplements on February 10, 2021.

15. Plaintiff performed her job well and in August 2021, she was assigned to work on a line manufacturing N-95 masks.

16. Throughout her employment with Defendant, Plaintiff performed all the duties of her job in an exemplary manner.

17. Plaintiff became pregnant in or about June 2021 and informed Defendant of her pregnancy.

18. On Friday, January 28, 2022, Plaintiff had to take time off from work to attend an appointment with her obstetrician, Cleadous W. Murphy, M.D.

19. On Monday, January 31, 2022, Plaintiff returned to work and submitted a note from her obstetrician to Defendant. The note indicated that Plaintiff's expected due date for the delivery of her baby was March 30, 2022. Plaintiff asked Defendant to provide her with paperwork to request a leave of absence to commence after the birth of her baby.

20. The next day, Tuesday, February 1, 2022, Defendant terminated Plaintiff's employment.

21. Defendant terminated Plaintiff's employment because of her pregnancy and her intention to take family and medical leave.

22. Defendant discriminated against Plaintiff because of her pregnancy in violation of the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended.

23. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of her employment because of pregnancy.

24. As a result of Defendant's discrimination, Plaintiff has suffered, and will continue to suffer, loss of income and employment-related benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

25. Defendant's termination of Plaintiff's employment demonstrated conscious disregard for Plaintiff's rights and for her vulnerable condition due to her pregnancy.

26. As a result of Defendant's discriminatory action, Plaintiff suffered substantial emotional harm and distress at a time in which she felt especially vulnerable and anxious due to her pregnancy.

27. Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, the loss of her wages and the loss of benefits that she would be receiving but for Defendant's discriminatory conduct.

## FIRST CLAIM FOR RELIEF
## PREGNANCY DISCRIMINATION TITLE VII AND PDA

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendant discriminated against Plaintiff because of her pregnancy in violation of the PDA and Title VII.

30. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

31. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

32. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## FMLA INTERFERENCE

33. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

34. Plaintiff was expected to give birth to her child on or about March 30, 2022.

35. Plaintiff gave notice to Defendant of her intention to take leave after the birth of her child on or about March 30, 2022.

36. The birth of Plaintiff's child was an FMLA-qualifying event and Plaintiff would have been eligible to take leave under the FMLA.

37. Defendant terminated Plaintiff's employment in order to deny benefits to which Plaintiff would have been entitled under the FMLA.

38. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

## THIRD CLAIM FOR RELIEF
## FMLA RETALIATION

39. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

40. By the aforementioned actions, Defendant has retaliated against Plaintiff for exercising her rights under the FMLA in violation of 29 U.S.C. § 2615.

41. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

## FOURTH CLAIM FOR RELIEF
## PREGNANCY DISCRIMINATION N.Y. EXECUTIVE LAW

42. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

43. By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy in violation of the Executive Law.

44. As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

## PUNITIVE DAMAGES

45. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

46. By reason of Defendant's willful, wanton, unrepentant, reckless, and egregious conduct and conscious disregard for Plaintiff's rights, Plaintiff claims punitive damages.

## DEMAND FOR A JURY TRIAL

47. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

48. Plaintiff demands a trial by jury as to all issues in the above matter.

**WHEREFORE**, Plaintiff demands judgment against Defendant and that the Court enter an award in favor of Plaintiff:

(i) Declaring the acts and practices complained of herein are in violation of the PDA, Title VII, the FMLA and the Executive Law;

(ii) Reinstatement of Plaintiff to an equivalent position;

(iii) Damages in the form of back pay with interest;

(iv) Front pay, in lieu of reinstatement;

(v) Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi) Punitive damages;

(vii) Attorneys' fees, costs and disbursements; and

(viii) Such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
January 12, 2023

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s/ Peter A. Romero*

_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588